IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NAVNEET SINGH,

    Petitioner,

    v.                                 No. 2:26-cv-00507-SMD-JHR

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Doc. 1.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Navneet Singh, a citizen of India, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chapparal, New Mexico. *Id.* ¶ i, xvi.  Petitioner first entered the United States without inspection on July 17, 2024. *Id.* ¶¶ ii. Petitioner then applied for asylum and for withholding of removal. *Id.* ¶ vi. Petitioner also received employment authorization, appeared at mandated immigration check-ins, and timely updated his personal contact information with ICE.  *Id.* ¶¶ v, ix. On November 13, 2025, Petitioner appeared at his scheduled ICE appointment in New York.  *Id.* ¶ x. ICE arrested him, without any apparent cause, at that appointment.  *Id.*  Petitioner seeks immediate release from custody.  *Id.* at 2.

### DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.  All future filings should be in the name of the substituted party.

immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id*. at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since 2024 and was detained in the U.S. interior. Doc. 1 ¶ ii. He is therefore not subject to the mandatory detention provisions of § 1225, which apply to

those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Requejo Roman v. Castro*, __ F. Supp. 3d ___, 2026 WL 125681, at *8 (D.N.M. Jan. 12, 2026); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1296 (D.N.M. 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *Ayala v. Moniz, et al*, __ F. Supp. 3d ___, 2026 WL 1031167, at *2 (D. Mass. Apr. 16, 2026); *Wuilmer v. Noem*, No. 25-CV-3236, 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.    The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify

3

continued detention mounts.  *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest.  ICE detained Petitioner during a routine check-in appointment, effectively penalizing the very compliance the agency required.  While the Court recognizes that the length of residency does not constitute legal authorization to remain in the country, the prevailing interpretation of Sections 1225 and 1226, both by this Court and a majority of courts nationwide, indicates that noncitizens apprehended within the U.S. interior are entitled to certain constitutional procedural safeguards.

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026).  *See* Doc. 6 at 2.  Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent.  *See id.*  Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241.  *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within **72 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address and to board a domestic flight to New York;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**